IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KLAMATH-SISKIYOU WILDLANDS
CENTER, et al.,

      Plaintiffs,                                  No. CIV S-12-1676 KJM-CMK

    vs.

RUSSELL (DAVE) HAYS, et al.

      Defendants.                                 ORDER

/

          Defendants have moved to stay the above-captioned action, or in the alternative, for a second 28-day extension of time to respond to the complaint. (ECF 19.) Plaintiffs opposed the motion. (ECF 24.) The court submitted the motion without hearing under Local Rule 230(g). For the reasons explained below, defendants' motion to stay is GRANTED.

I.    Background

          Plaintiffs Klamath Siskiyou Wildlands Center and Klamath Forest Alliance filed suit against the United States Forest Service, Russell (Dave) Hays, District Ranger of the Salmon River/Scott River Ranger District, and Tom Tidwell, Chief of the United States Forest Service (collectively, "Forest Service") on June 22, 2012. (ECF 1.) Plaintiffs' complaint challenged the Forest Service's approval of a proposed mining project by Wabuska Mining, LLC ("Wabuska").

1

The project is known as the High Bar Project, scheduled to begin in 2013 in the Klamath National Forest. (*Id.*)

Plaintiffs' claims arise in part from the Forest Service's review of the High Bar Project under the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321, *et seq.* (*Id.*) NEPA requires agencies to take a "hard look at the environmental consequences" of their proposed actions by analyzing their environmental impacts and considering potential alternatives. *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 23 (2008) (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 349 (1989)). Under NEPA, the Forest Service was required to either prepare an Environmental Impact Statement (EIS) or issue a Finding of No Significant Impact (FONSI) after conducting an Environmental Assessment (EA) of the project. 40 C.F.R. § 1501.4. The Forest Service conducted an EA and issued a Decision Notice (DN) and FONSI on January 30, 2012. (ECF 1; Attachment 1 to Decl. of Russell (Dave) Hays, ECF 21-1.) It is appropriate for an agency to issue a FONSI when it has determined that the reviewed action "will not have a significant effect on the human environment . . . and an [EIS] therefore will not be prepared." 40 C.F.R. § 1508.13.

On August 24, 2012, the parties stipulated to a 28-day extension of time for defendants to file an answer to plaintiffs' complaint, primarily because Wabuska told the Forest Service it planned to make changes to the High Bar Project. (ECF 14.) The Forest Service then filed a motion to stay the action on October 3, 2012, or in the alternative, for a second 28-day extension of time to respond to the complaint. (ECF 19.)

The Forest Service requests a stay so that it may have time to prepare a Supplemental Information Report (SIR) regarding the changes Wabuska plans to make to the High Bar Project, to determine if the Forest Service needs to complete additional environmental analysis. (ECF 20 at 3.) Specifically, the Forest Service would assess "whether . . . the modified proposal is within the scope and range of effects that [Forest Service] considered in the original analysis, and what, if any, additional analysis may be needed before proceeding." (Hays Decl.

¶ 9, ECF 21.)  According to Hays, it will take approximately 120 days to complete the SIR.  (*Id.*)  Hays also indicates that he cannot authorize a final Plan of Operations, which is required before ground-disturbing work on the project starts, before learning the SIR results.  (*Id.* ¶ 10.)  In any event, weather and management-related concerns mean the ground-disturbing work could not start before mid-May 2013.  (*Id.* ¶ 11.)

II.  <u>Analysis</u>

A district court weighs the following factors when considering a motion to stay: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Forest Service argues it would suffer hardship without a stay because it needs time to complete the SIR to learn whether it needs to supplement the administrative record. (ECF 20 at 4.)  Plaintiffs argue that the SIR itself is inappropriate, because it will be an addition to the administrative record that is not subject to public review as required under NEPA, *see* 40 C.F.R. § 1500.1(b), nor would the SIR be included in "the whole record" that this court is required to review, 5 U.S.C. § 706(2)(F).  (ECF 24 at 4-5.)  Plaintiffs contend that the Forest Service must either withdraw the DN/FONSI and begin a new analysis incorporating the changes that Wabuska proposes, or defend the DN/FONSI as is.  (*Id.* at 2.)

The court finds it is appropriate for Forest Service to perform the SIR.  Even when NEPA review of a particular project is complete, the agency is obligated to conduct additional review when it learns of significant new circumstances or information that affect the proposed action.  *Marsh v. Or. Natural Res. Council*, 490 U.S. 360, 371-72 (1989).  The NEPA statute and regulations do not reference SIRs or similar procedures that other agencies use to

3

1  review the significance of new information, but courts recognize the utility of SIRs to the
2  process of conducting additional analysis. *Idaho Sporting Congress, Inc. v. Alexander*, 222 F.3d
3  562, 566 (9th Cir. 2000). As the Forest Service explains, a SIR will lead to one of two
4  outcomes: the Forest Service will determine that the new information does not require additional
5  NEPA review and the existing DN/FONSI will stand, or the Forest Service will determine that
6  the new information is "significant" and will prepare a supplemental EA or EIS. *See id.*

7  Plaintiffs' concerns that they may be prejudiced by a stay are not sufficient to
8  outweigh the Forest Service's obligation to consider the significance of new information.
9  Plaintiffs protest that if the Forest Service retains the existing DN/FONSI after the SIR, the
10 administrative record before the court will be missing information about modifications to the
11 High Bar Project (ECF 24 at 5). Conversely, plaintiffs point out that if the Forest Service decides
12 to create a new EA after completing the SIR, the new EA will not be subject to public review.
13 (*Id.*) But if the Forest Service decides not to create a supplemental EA/EIS, plaintiffs may seek
14 to amend their complaint to challenge this decision. If a supplemental EA/EIS is completed,
15 the court will entertain a request to extend the stay to allow for public review and comment of the
16 supplemental analysis, as the Forest Service procedures require. Forest Service Handbook,
17 1909.15 § 18.2 (The Forest Service "[s]hall prepare, circulate, and file a supplement in the same
18 fashion (exclusive of scoping) as a draft and final statement unless alternative procedures are
19 approved . . . ."). Plaintiffs also argue that if the SIR leads to a Forest Service determination that
20 no additional environmental analysis is needed and the High Bar Project schedule continues as
21 planned, plaintiffs will have less time to challenge the project before ground-breaking begins.
22 But there is no guarantee that even without the stay that the litigation would conclude before the
23 project starts. Moreover, the High Bar Project will not move forward until the SIR is complete.

24 Finally, it will be more efficient for the court to consider plaintiffs' current
25 challenges to the High Bar Project along with any future challenges that plaintiffs may make to
26 the SIR or to any supplemental EA/EIS. (*See* ECF 25 at 8.)

The Forest Service's Motion to Stay is GRANTED. The Status (Pretrial Scheduling) Conference set for January 24, 2013 is VACATED and RESET for February 21, 2013 at 2:30 p.m. The parties shall file a joint status report by February 14, 2013 at 4:00 p.m. that includes all of the information required in a joint pretrial status report and that also reports on the result of the SIR and the Forest Service's plans regarding the High Bar Project.

DATED: December 19, 2012.

_____
UNITED STATES DISTRICT JUDGE