1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   KLAMATH SISKIYOU WILDLANDS          No.  2:12-cv-1676-TLN-CMK
     CENTER, *et al.*
12
                  Plaintiffs,
13                                        **ORDER**

           v.
14
     RUSSELL (DAVE) HAYS, et al.
15
                  Defendants.
16

17

18        This matter is before the Court on a motion for a stay filed by Defendants United States

19   Forest Service, Russell (Dave) Hays, District Ranger of the Salmon River/Scott River Ranger

20   District, and Tom Tidwell, Chief of the United States Forest Service (collectively, "Defendants").

21   (Defs.' Mot. for Stay, ECF No. 56.)  Plaintiffs Klamath Siskiyou Wildlands Center and Klamath

22   Forest Alliance ("Plaintiffs") oppose the Motion to Stay.  (Pls.' Resp. in Opp'n to Defs.' Mot. for

23   Stay, ECF No. 59.)  The Court has carefully considered the parties' arguments and hereby

24   DENIES the motion.

25                                    **BACKGROUND**

26        In 2008, Wabuska Mining, LLC ("Wabuska") submitted a Plan of Operations for the

27   development of the High Bar Project in the Klamath National Forest.  (First Am. Compl., ECF

28   No. 36 at ¶ 39.)  The High Bar Project will permit the removal of locatable minerals, such as

1

1    gold, from a project area of approximately three acres in size.  (ECF No. 36 ¶¶ 39, 61.)  Pursuant

2    to the National Environmental Policy Act, Defendants conducted an Environmental Assessment

3    of the High Bar Project.  Defendants issued a Decision Notice and a Finding of No Significant

4    Impact on January 30, 2012.  (ECF No. 36 at ¶ 42.)  By this action, Plaintiffs challenge the

5    Decision Notice and Finding of No Significant Impact.  Plaintiffs' operative complaint alleges

6    violations of the National Environmental Policy Act ("NEPA"); the National Forest Management

7    Act ("NFMA"); the 1872 Mining Law and Organic Act; and the Administrative Procedure Act

8    ("APA").  (ECF No. 36.)

9         After the initial Complaint was filed, Defendants filed a motion to stay the action on

10   October 3, 2012.  (Mot. to Stay, ECF No. 19.)  Defendants had learned that Wabuska planned to

11   modify the High Bar Project.  Defendants indicated they were conducting a Supplemental

12   Information Report ("SIR") to evaluate Wabuska's proposed changes.  In support of that motion

13   to stay, Defendant Hays declared that he could not authorize a final Plan of Operations (which is

14   required before ground-disturbing work on the High Bar Project starts) without learning the SIR

15   results.  (Hays Decl., ECF No. 21 at ¶ 10.).  Defendants also indicated that the SIR could address

16   some of the concerns Plaintiffs raised in their complaint, necessitating an amendment to the

17   complaint.  At that time, the Court had not entered a case management order or set any case

18   management deadlines.  On December 20, 2012, this Court through the Honorable Judge Mueller

19   granted the stay to permit Defendants to prepare the SIR.  (Order, ECF No. 29.)

20        Defendants completed the SIR on February 8, 2013.  Defendants found that Wabuska's

21   proposal "[did] not warrant further environmental analysis."  (Joint Status Report & Proposed

22   Sched. Order, ECF No. 30 at 2:7–11.)  The parties filed a joint status report in which Plaintiffs

23   requested leave to file an amended complaint; the parties agreed that no discovery would take

24   place on the merits of Plaintiffs' claims; and the parties agreed that resolution of the case would

25   be based on judicial review of the Administrative Record.  ( ECF No. 30 at 2:-16-19, 3:1-11,

26   4:11-5:8.)  Accordingly, the parties jointly proposed dates for finalizing the Administrative

27   Record and filing dispositive motions.  Based on those representations, the Court, again through

28   Judge Mueller, issued a pretrial scheduling order on March 13, 2013, which set forth the briefing

1   schedule for the parties' dispositive motions.  (Status (Pretrial Sched.) Order, ECF No. 34.)

2   Plaintiffs' dispositive motion was due on or before July 12, 2013, or six weeks after resolution of

3   any motion on the Administrative Record, whichever was later; Defendants' opposition and any

4   cross-motion was due six weeks later; Plaintiffs' reply and opposition to Defendants' cross-

5   motion was due three weeks later; and Defendants' reply in support of their cross-motion was

6   scheduled due three weeks later.  (ECF No. 34 at 3:1–14.)  The scheduling order further provided:

7   
8
> MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER
>
9
> The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order
10
> shall not be modified except by leave of court upon a showing of good cause. Agreement by the parties pursuant to stipulation alone
11
> does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not
> constitute good cause.
12

13   (ECF No. 34 at 4:14–19.)  Neither party objected to the order.

14        Plaintiffs filed their motion for summary judgment on August 2, 2013.  (Pl. M. in Supp. of

15   Mot. for Summ. J, ECF No. 48.)  The Court set the hearing for December 5, 2013.  (Minute

16   Order, ECF No. 55.)  Instead of filing a response to Plaintiffs' motion for summary judgment,

17   Defendants moved for a stay based on a wildfire which burned through the High Bar Project area

18   on or about August 19.  (ECF No. 56.)  By their motion, Defendants request "a six month stay of

19   all litigation activities" in order to "gather and analyze data to determine what, if any, additional

20   analysis may be required by applicable laws" due to the fire.  (Defs.' Brief in Supp. of Mot. for

21   Stay, ECF No. 56 at ¶ 1:15–17.)  In the alternative, Defendants request a 21-day extension of time

22   to file a cross-motion and response to Plaintiffs' motion for summary judgment.  Plaintiffs oppose

23   the motion.  (ECF No. 59.)

24                                    **LEGAL STANDARD**

25        A district court weighs the following factors when considering a motion to stay: "the

26   possible damage which may result from the granting of a stay, the hardship or inequity which a

27   party may suffer in being required to go forward, and the orderly course of justice measured in

28   terms of the simplifying or complicating of issues, proof, and questions of law which could be

3

1   expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)

2   (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299

3   U.S. 248, 254 (1936))).  As the moving party, Defendants bear the burden to demonstrate that a

4   stay is warranted.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The proponent of a stay bears the

5   burden of establishing its need.") (citing *Landis*, 299 U.S. at 255).

6        Furthermore, once the district court has filed a pretrial scheduling order, Federal Rule of

7   Civil Procedure 16(b)(4) is implicated.  Rule 16(b)(4) provides that "[a] schedule may be

8   modified only for good cause and with the judge's consent."  "A scheduling order 'is not a

9   frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without

10   peril.'"  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting

11   *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)); *see also Miller v.*

12   *Safeco Title Ins. Co.,* 758 F.2d 364, 369 (9th Cir. 1985) ("The district court is given broad

13   discretion in supervising the pretrial phase of litigation . . . .").

## ANALYSIS

15        The Court finds that Defendants have not met their burden to demonstrate that a stay is

16   warranted.  The High Bar Project was proposed in 2008, five years ago, and this lawsuit was filed

17   in August 2012, over a year ago.  The parties agree that no discovery is necessary and that the

18   issues can be resolved on the administrative record, which has been lodged with the Court since

19   May 29, 2013.[1]  (Defs.' Notice of Lodging, ECF No. 40.)  The Court's scheduling order, based on

20   the parties' representations, contemplated that briefing on summary judgment would be complete

21   by the end of October.  Although Defendants purport to request a six-month stay, Defendants do

22   not propose any dates as to when briefing should resume or when the motion for summary

23   judgment would be heard, in effect staying the action indefinitely.  (*See* Defs.' Brief in Supp. of

24   Mot. for Stay, ECF No. 57 at 6:21–23 ("[S]hould the Court grant the stay, it should also vacate

25   the December 5 summary judgment hearing and set it for a later date.").)  However, Defendants

26   also represent that work on the High Bar Project could begin in mid-May 2014.  (ECF No. 57 at

27   _____

28   [1] The Administrative Record has since been augmented with approximately 150 pages.  (Notices
    of Errata, ECF Nos. 41, 44, 45, 46.)

4

1   3:17–20.)  Therefore, because the stay could potentially delay briefing into the time frame of the

2   project's commencement, the Court finds that the Plaintiffs would be prejudiced by a stay

3   delaying this action further.

4           Furthermore, Defendants do not identify any hardship or inequity in being required to

5   move forward.  While the Court is sensitive to the resources needed to combat and uncertainty

6   surrounding a dangerous forest fire, Defendants do not provide any information that the fire will

7   or has affected the High Bar Project or the issues alleged in this action.  Rather Defendants only

8   speculate that the fire *may* impact the case.  However, as Plaintiffs point out, Plaintiffs have not

9   brought any claims regarding the fire in the amended complaint, nor have Plaintiffs challenged

10  Defendants for failing to address the fire.  Accordingly, in light of Defendants' speculation as to

11  whether the fire even affects the High Bar Project or this action, the Court finds it premature to

12  stay the entire case pending evaluation of the fire.  Additionally, any alleged hardship or inequity

13  to Defendants has been mitigated by the intervening weeks in between Defendants' Motion for

14  the Stay and the Court's ruling; indeed, by bringing this Motion Defendants have already received

15  their alternative relief requested, a 21-day extension to file a cross-motion and response to

16  Plaintiffs' motion for summary judgment.

17          The Court also finds that this motion for a stay is distinguishable from Defendants' first

18  motion, which this Court granted.  In that motion, Defendants stated (1) the mining proponent

19  Wabuska proposed additional changes to the High Bar Project; (2) Defendants were conducting

20  an SIR to evaluate Wabuska's proposed changes; (3) Defendants would not finalize a final Plan

21  of Operations without learning the SIR results; (4) the SIR may address some of the concerns

22  Plaintiffs raised in their complaint, necessitating an amendment to the complaint; and (5) the

23  Court had not entered a case management order or set any case management deadlines.  None of

24  those circumstances appear to exist here.  Rather, Defendants have not shown that the fire impacts

25  the High Bar Project; Defendants have not determined whether to conduct a SIR; the issuance of

26  a final Plan of Operations does not appear dependent on the fire; there is no evidence that the fire

27  impacts concerns raised in the complaint; and the Court has issued a scheduling order including

28  dispositive motion deadlines.  Therefore, the Court finds that none of the circumstances

1    supporting the first stay support a second stay at this time.  Should, however, Defendants learn

2    that the fire has in fact affected the High Bar Project, this order does not preclude them from

3    providing supplemental information to the Court in the future.

4           Therefore, it is HEREBY ORDERED:

5           1.    Defendants' Motion for a Stay (ECF No. 56) is DENIED;

6           2.    Defendants shall file and serve a response to Plaintiffs' Motion for Summary

7                 Judgment within fourteen (14) days of entry of this order[2];

8           3.    Defendants shall also file and serve any cross-motion within fourteen (14) days of

9                 entry of this order;

10          4.    Plaintiffs' reply in support of their Motion for Summary Judgment and their

11                Opposition to any cross-motion shall be due four (4) weeks thereafter;

12          5.    Defendants' reply shall be due three (3) weeks thereafter; and

13          6.    The hearing for Plaintiffs' Motion for Summary Judgment and any cross-motion

14                made by Defendants is set for February 13, 2014.  No telephonic appearances will

15                be permitted absent a showing of good cause.

16   **IT IS SO ORDERED.**

17

18   Dated: December 3, 2013

19

20

21   _____

22                 Troy L. Nunley
                   United States District Judge

23

24

25

26   _____
     [2] The Court provides both parties with additional time to brief their motions in light of the
27   upcoming holidays.  Given this grant of additional time for the holidays and the de facto
     extension of time provided by the intervening motion for stay, any further requests to alter or
28   delay the briefing schedule will be looked upon with disfavor.