UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLAMATH SISKIYOU WILDLANDS CENTER, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> RUSSELL (DAVE) HAYS, et al. <br><br> Defendants. | No.  2:12-cv-1676-TLN-CMK <br><br><br> **ORDER** |

This matter is before the Court on a motion for a stay filed by Defendants United States Forest Service, Russell (Dave) Hays, District Ranger of the Salmon River/Scott River Ranger District, and Tom Tidwell, Chief of the United States Forest Service (collectively, "Defendants"). (Defs.' Mot. for Stay, ECF No. 56.)  Plaintiffs Klamath Siskiyou Wildlands Center and Klamath Forest Alliance ("Plaintiffs") oppose the Motion to Stay.  (Pls.' Resp. in Opp'n to Defs.' Mot. for Stay, ECF No. 59.)  The Court has carefully considered the parties' arguments and hereby DENIES the motion.

## BACKGROUND

In 2008, Wabuska Mining, LLC ("Wabuska") submitted a Plan of Operations for the development of the High Bar Project in the Klamath National Forest.  (First Am. Compl., ECF No. 36 at ¶ 39.)  The High Bar Project will permit the removal of locatable minerals, such as

1

1    gold, from a project area of approximately three acres in size.  (ECF No. 36 ¶¶ 39, 61.)  Pursuant
2    to the National Environmental Policy Act, Defendants conducted an Environmental Assessment
3    of the High Bar Project.  Defendants issued a Decision Notice and a Finding of No Significant
4    Impact on January 30, 2012.  (ECF No. 36 at ¶ 42.)  By this action, Plaintiffs challenge the
5    Decision Notice and Finding of No Significant Impact.  Plaintiffs' operative complaint alleges
6    violations of the National Environmental Policy Act ("NEPA"); the National Forest Management
7    Act ("NFMA"); the 1872 Mining Law and Organic Act; and the Administrative Procedure Act
8    ("APA").  (ECF No. 36.)
9         After the initial Complaint was filed, Defendants filed a motion to stay the action on
10   October 3, 2012.  (Mot. to Stay, ECF No. 19.)  Defendants had learned that Wabuska planned to
11   modify the High Bar Project.  Defendants indicated they were conducting a Supplemental
12   Information Report ("SIR") to evaluate Wabuska's proposed changes.  In support of that motion
13   to stay, Defendant Hays declared that he could not authorize a final Plan of Operations (which is
14   required before ground-disturbing work on the High Bar Project starts) without learning the SIR
15   results.  (Hays Decl., ECF No. 21 at ¶ 10.).  Defendants also indicated that the SIR could address
16   some of the concerns Plaintiffs raised in their complaint, necessitating an amendment to the
17   complaint.  At that time, the Court had not entered a case management order or set any case
18   management deadlines. On December 20, 2012, this Court through the Honorable Judge Mueller
19   granted the stay to permit Defendants to prepare the SIR.  (Order, ECF No. 29.)
20        Defendants completed the SIR on February 8, 2013.  Defendants found that Wabuska's
21   proposal "[did] not warrant further environmental analysis."  (Joint Status Report & Proposed
22   Sched. Order, ECF No. 30 at 2:7–11.)  The parties filed a joint status report in which Plaintiffs
23   requested leave to file an amended complaint; the parties agreed that no discovery would take
24   place on the merits of Plaintiffs' claims; and the parties agreed that resolution of the case would
25   be based on judicial review of the Administrative Record.  ( ECF No. 30 at 2:-16-19, 3:1-11,
26   4:11-5:8.)  Accordingly, the parties jointly proposed dates for finalizing the Administrative
27   Record and filing dispositive motions.  Based on those representations, the Court, again through
28   Judge Mueller, issued a pretrial scheduling order on March 13, 2013, which set forth the briefing

schedule for the parties' dispositive motions. (Status (Pretrial Sched.) Order, ECF No. 34.) Plaintiffs' dispositive motion was due on or before July 12, 2013, or six weeks after resolution of any motion on the Administrative Record, whichever was later; Defendants' opposition and any cross-motion was due six weeks later; Plaintiffs' reply and opposition to Defendants' cross-motion was due three weeks later; and Defendants' reply in support of their cross-motion was scheduled due three weeks later. (ECF No. 34 at 3:1–14.) The scheduling order further provided:

> MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER
>
> The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause. Agreement by the parties pursuant to stipulation alone does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

(ECF No. 34 at 4:14–19.) Neither party objected to the order.

Plaintiffs filed their motion for summary judgment on August 2, 2013. (Pl. M. in Supp. of Mot. for Summ. J, ECF No. 48.) The Court set the hearing for December 5, 2013. (Minute Order, ECF No. 55.) Instead of filing a response to Plaintiffs' motion for summary judgment, Defendants moved for a stay based on a wildfire which burned through the High Bar Project area on or about August 19. (ECF No. 56.) By their motion, Defendants request "a six month stay of all litigation activities" in order to "gather and analyze data to determine what, if any, additional analysis may be required by applicable laws" due to the fire. (Defs.' Brief in Supp. of Mot. for Stay, ECF No. 56 at ¶ 1:15–17.) In the alternative, Defendants request a 21-day extension of time to file a cross-motion and response to Plaintiffs' motion for summary judgment. Plaintiffs oppose the motion. (ECF No. 59.)

**LEGAL STANDARD**

A district court weighs the following factors when considering a motion to stay: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be

3

expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))). As the moving party, Defendants bear the burden to demonstrate that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The proponent of a stay bears the burden of establishing its need.") (citing *Landis*, 299 U.S. at 255).

Furthermore, once the district court has filed a pretrial scheduling order, Federal Rule of Civil Procedure 16(b)(4) is implicated. Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)); *see also Miller v. Safeco Title Ins. Co.,* 758 F.2d 364, 369 (9th Cir. 1985) ("The district court is given broad discretion in supervising the pretrial phase of litigation . . . .").

## ANALYSIS

The Court finds that Defendants have not met their burden to demonstrate that a stay is warranted. The High Bar Project was proposed in 2008, five years ago, and this lawsuit was filed in August 2012, over a year ago. The parties agree that no discovery is necessary and that the issues can be resolved on the administrative record, which has been lodged with the Court since May 29, 2013.[1] (Defs.' Notice of Lodging, ECF No. 40.) The Court's scheduling order, based on the parties' representations, contemplated that briefing on summary judgment would be complete by the end of October. Although Defendants purport to request a six-month stay, Defendants do not propose any dates as to when briefing should resume or when the motion for summary judgment would be heard, in effect staying the action indefinitely. (*See* Defs.' Brief in Supp. of Mot. for Stay, ECF No. 57 at 6:21–23 ("[S]hould the Court grant the stay, it should also vacate the December 5 summary judgment hearing and set it for a later date.").) However, Defendants also represent that work on the High Bar Project could begin in mid-May 2014. (ECF No. 57 at

---

[1] The Administrative Record has since been augmented with approximately 150 pages. (Notices of Errata, ECF Nos. 41, 44, 45, 46.)

4

3:17–20.) Therefore, because the stay could potentially delay briefing into the time frame of the project's commencement, the Court finds that the Plaintiffs would be prejudiced by a stay delaying this action further.

Furthermore, Defendants do not identify any hardship or inequity in being required to move forward.  While the Court is sensitive to the resources needed to combat and uncertainty surrounding a dangerous forest fire, Defendants do not provide any information that the fire will or has affected the High Bar Project or the issues alleged in this action.  Rather Defendants only speculate that the fire *may* impact the case.  However, as Plaintiffs point out, Plaintiffs have not brought any claims regarding the fire in the amended complaint, nor have Plaintiffs challenged Defendants for failing to address the fire.  Accordingly, in light of Defendants' speculation as to whether the fire even affects the High Bar Project or this action, the Court finds it premature to stay the entire case pending evaluation of the fire.  Additionally, any alleged hardship or inequity to Defendants has been mitigated by the intervening weeks in between Defendants' Motion for the Stay and the Court's ruling; indeed, by bringing this Motion Defendants have already received their alternative relief requested, a 21-day extension to file a cross-motion and response to Plaintiffs' motion for summary judgment.

The Court also finds that this motion for a stay is distinguishable from Defendants' first motion, which this Court granted.  In that motion, Defendants stated (1) the mining proponent Wabuska proposed additional changes to the High Bar Project; (2) Defendants were conducting an SIR to evaluate Wabuska's proposed changes; (3) Defendants would not finalize a final Plan of Operations without learning the SIR results; (4) the SIR may address some of the concerns Plaintiffs raised in their complaint, necessitating an amendment to the complaint; and (5) the Court had not entered a case management order or set any case management deadlines.  None of those circumstances appear to exist here.  Rather, Defendants have not shown that the fire impacts the High Bar Project; Defendants have not determined whether to conduct a SIR; the issuance of a final Plan of Operations does not appear dependent on the fire; there is no evidence that the fire impacts concerns raised in the complaint; and the Court has issued a scheduling order including dispositive motion deadlines.  Therefore, the Court finds that none of the circumstances

supporting the first stay support a second stay at this time.  Should, however, Defendants learn that the fire has in fact affected the High Bar Project, this order does not preclude them from providing supplemental information to the Court in the future.

Therefore, it is HEREBY ORDERED:

1. Defendants' Motion for a Stay (ECF No. 56) is DENIED;
2. Defendants shall file and serve a response to Plaintiffs' Motion for Summary Judgment within fourteen (14) days of entry of this order[2];
3. Defendants shall also file and serve any cross-motion within fourteen (14) days of entry of this order;
4. Plaintiffs' reply in support of their Motion for Summary Judgment and their Opposition to any cross-motion shall be due four (4) weeks thereafter;
5. Defendants' reply shall be due three (3) weeks thereafter; and
6. The hearing for Plaintiffs' Motion for Summary Judgment and any cross-motion made by Defendants is set for February 13, 2014.  No telephonic appearances will be permitted absent a showing of good cause.

**IT IS SO ORDERED.**

Dated: December 3, 2013

_____
Troy L. Nunley
United States District Judge

---

[2] The Court provides both parties with additional time to brief their motions in light of the upcoming holidays.  Given this grant of additional time for the holidays and the de facto extension of time provided by the intervening motion for stay, any further requests to alter or delay the briefing schedule will be looked upon with disfavor.